B. G. HELLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

TOBY W. SWISKY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 40634, 42032. Promulgated January 20, 1932.

*Maurice W. Stoffer, Esq.,* for the petitioners.
*J. M. Leinenkugel, Esq.,* for the respondent.

### OPINION.

LANSDON: The respondent has asserted deficiencies for 1926 against B. G. Heller and Toby W. Swisky, in the respective amounts of $316.78 and $830.58. Only that part of each deficiency is in controversy which arises from the respondent's action in refusing to permit the petitioners to carry forward as a " net loss " the amount of a loss sustained in 1925 upon the sale of corporate stock. The facts are stipulated.

In 1923, each of the petitioners purchased one-third of the outstanding capital stock of John W. Thomas and Company, Inc., and of the Thomas Holding Company, at a cost of $46,101.70, and on January 30, 1925, each sold such stock for $23,335, thereby sustaining a loss of $22,766.70. The Thomas Holding Company and

John W. Thomas and Company, Inc., operated a ladies' ready-to-wear clothing and accessories store at Minneapolis, Minnesota.

The business and occupation of each of the petitioners during the years herein involved, was the operation and management of ladies' ready-to-wear clothing stores in various parts of the United States. Each of them was employed by eleven such stores and owned substantial capital stock in the corporation operating such store. Neither of them accepted employment from any corporation or firm other than those engaged in the ladies' ready-to-wear clothing business and then only if he was a stockholder in the corporation which owned the business.

During the period involved herein, each of the petitioners was employed by the Thomas Holding Company and John W. Thomas and Company, Inc. Each of them was also employed by and a stockholder in Bentons' Cloak and Suit Company, an Illinois corporation, which operated ladies' ready-to-wear clothing stores at South Bend, Indiana, and Minneapolis, Minnesota. They were also stockholders in and employed by Newmans' Cloak and Suit Company, which operated ladies' ready-to-wear clothing stores at St. Paul, Minnesota, Oshkosh and Green Bay, Wisconsin, Waukegan and Decatur, Illinois, Des Moines, Iowa, Kansas City, Missouri, and Oklahoma City and Tulsa, Oklahoma. Each of the petitioners devoted part of his time to the supervision and management of each of these stores and drew a salary for such services from the corporation operating the store.

On their income-tax returns for 1925 the respondent allowed each of the petitioners a deduction of $22,766.70 as a loss from the sale of stock. If this amount is included in computing "net loss" for such year, the result will be a net loss of $3,728.54, for the petitioner, Swisky, and $2,288.17, for the petitioner, Heller.

In his brief the respondent argues that the petitioners' losses in the circumstances of this proceeding resulted from an isolated transaction and, therefore, can not be considered as sustained in a business regularly carried on. We have many times held that losses resulting from investments in corporate stocks do not fall within the net loss provisions of the statutes. *J. J. Harrington*, 1 B. T. A. 11; *Wm. J. Robb*, 5 B. T. A. 827; *Miller G. Belding*, 19 B. T. A. 642. In our opinion, however, such decisions are not applicable to the facts herein stipulated. These petitioners are engaged in the business of managing and directing stores which sell a single class of merchandise. Incident to that business, and very closely related to it, they acquired stock in all of the concerns with which they were associated. To the extent of their investments in stock, they certainly assist in financing the concerns where they are employed.

Their incomes were made up of the salaries they received for their services plus dividends on their stock.

In *Elmore L. Potter*, 18 B. T. A. 549, where the petitioner, for at least 28 years prior to 1924, was actively interested as owner, stockholder and/or bondholder and/or manager or managing director in various hotel enterprises conducted in the early years in his individual capacity as owner and, latterly, through the medium of corporations organized for the purpose, we held " that for many years he was carrying on in a definite and distinct business, constituting a regular vocation, in which he employed jointly both his capital and professional knowledge." Obviously, the situation of these petitioners is very similar to that of Potter. As stockholders, they contribute their capital to the various corporate enterprises by which they are employed. In connection with stock investments in one of the corporations through which they employed their professional knowledge they sustained the losses here in controversy. The record fails to disclose whether the petitioners organized the corporations in which they owned stock and by which they were employed; but we applied no such test in the *Potter* proceeding, *supra*, and it is not material, since it is established that they used both their capital and their knowledge in their business of managing stores. Cf. *T. I. Crane*, 17 B. T. A. 720; *E. D. Anthony*, 20 B. T. A. 5; *Harry F. Harper*, 20 B. T. A. 143; *Glenn M. Averill*, 20 B. T. A. 1196; and *Washburn* v. *Commissioner*, 51 Fed. (2d) 949.

In our opinion each of the petitioners herein is entitled to carry forward the loss sustained in 1925 in the computation of his tax liability for 1926, under the provisions of section 206(a)(1) of the Revenue Act of that year.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Marquette and Sternhagen dissent.